EILEEN M. DECKER
United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office
ANN LUOTTO WOLF (Cal. Bar No. 137163)
Assistant United States Attorney
    8000 United States Courthouse
    411 West Fourth Street
    Santa Ana, California 92701
    Telephone: (714) 338-3533
    Facsimile: (714) 338-3465
    E-mail:    ann.wolf@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA



UNDER SEAL

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

IN RE: CELLULAR TELEPHONE

No. **SA16-018M**

[PROPOSED] WARRANT

(UNDER SEAL)

Upon application by the United States of America, supported by the law enforcement agent's declaration, for a warrant relating to the following cellular telephone:

　　　a.　714-661-8699, a cellular telephone issued by Sprint, with International Mobile Subscriber Identity ("IMSI") 310120114272788, subscribed to Josh Moore, 12331 Vera Circle, Garden Grove, California 92845, and believed to be used by Joshua MOORE (the "**Subject Telephone**");

THIS COURT FINDS THAT there is probable cause to believe that cell-site information, as well as GPS information, likely to be received concerning the approximate location of the **Subject**

**Telephone**, currently within, or being monitored or investigated within, the Central District of California, will constitute or yield evidence of violations of federal criminal statutes, including narcotics distribution in violation of 21 U.S.C. § 841(a)(1) and money laundering in violation of 18 U.S.C. § 1956 (the "Target Offenses"), being committed by Joshua MOORE, Harley CURTIS, and others known and unknown (the "Target Subjects").

THIS COURT FURTHER FINDS THAT, pursuant to 18 U.S.C. § 3123, the attorney for the government has certified that the information likely to be obtained is relevant to an ongoing criminal investigation of the Target Subjects being conducted by the Department of Homeland Security, Homeland Security Investigations (the "Investigating Agency") for violations of the Target Offenses.

THIS COURT FURTHER FINDS reasonable cause exists to believe that providing immediate notification of this warrant to the user of the **Subject Telephone** may have an adverse result.

GOOD CAUSE HAVING BEEN SHOWN, THIS COURT HEREBY ISSUES THIS WARRANT AND FURTHER ORDERS THAT:

1. The Carrier shall disclose, at such intervals and times as directed by the Investigating Agency, information concerning the location (physical address) of the cell-site at call origination (for outbound calling), call termination (for incoming calls), and, if reasonably available, during the progress of a call, for the **Subject Telephone**, as well as such other information, apart from the content of any communication, that is reasonably available to the Carrier and that is requested by the Investigating Agency or any law enforcement agency working with the Investigating Agency, concerning

the cell-sites/sectors receiving and transmitting signals to and from the **Subject Telephone** whether or not a call is in progress.

   2.   The Carrier shall disclose at such intervals and times as directed by the Investigating Agency the approximate physical location of the **Subject Telephone**, to include E-911 Phase II data and latitude and longitude data gathered for the **Subject Telephone**, including Global Positioning Satellite ("GPS") and/or network timing information, and including information from such programs as Nextel Mobile Locator, Boost Mobile Loopt, Sprint/Nextel Findum Wireless, or a similar program, which will establish the approximate location of the **Subject Telephone**, and which information is acquired in the first instance by the Carrier, which will establish the approximate location of the **Subject Telephone** (referred to herein as "GPS information"), and shall furnish all information, facilities, and technical assistance necessary to accomplish said disclosure unobtrusively.

   3.   As part of the receipt of the requested GPS information, the Investigating Agency is prohibited from seizing any tangible property pursuant to this warrant, or any other prohibited wire or electronic information as stated in 18 U.S.C. § 3103a(b)(2). This Order does not address whether the Investigating Agency may seize such property or information in relation to any other investigation authorized by law.

   4.   The Investigating Agency is permitted to delay service of this warrant for GPS information to the subscriber(s) of the **Subject Telephone** for a period of 30 days from the date that the disclosure ends. Any requests for a continuance of this delay should be filed

with this Court, unless directed to the duty United States Magistrate Judge by this Court.

5. The Investigating Agency shall make a return of this warrant for GPS information to this Court (unless directed to the duty United States Magistrate Judge by this Court) within ten calendar days after the disclosure of information ceases. The return shall state the date and time the telephone company began providing information pursuant to this warrant, and the period during which information was provided, including pursuant to any orders permitting continued disclosure.

6. The disclosure of the requested information by the Carrier shall begin during the daytime on the earlier of the day on which law enforcement officers first begin to receive information pursuant to this warrant or ten days after the date of this warrant, and continue for up to 45 days from the date of this warrant unless additional orders are made continuing the period of the disclosure.

7. The disclosure of the requested information shall occur whether the **Subject Telephone** is located within this District, outside of the District, or both, and, for good cause shown, shall extend to any time of the day or night as required.

8. The disclosure of the requested information shall not only be with respect to the **Subject Telephone**, but also with respect to any changed telephone number(s) assigned to an instrument bearing the same MEID/ESN, IMSI, or IMEI (hereinafter "unique identifying number") as the **Subject Telephone**, or any changed unique identifying number subsequently assigned to the same telephone number as the **Subject Telephone**, or any additional changed telephone number(s) and/or unique identifying number, whether the changes occur

4

consecutively or simultaneously, listed to the same wireless telephone account number as the **Subject Telephone** within the period of disclosure authorized by the warrant.

9. The Carrier shall execute the Court's warrant as soon as practicable after it is signed. If a copy of the warrant is given to the Carrier, the copy may be redacted by law enforcement to exclude the Target Subjects and any description of the offenses under investigation.

10. The Investigating Agency shall reimburse the Carrier for their reasonable expenses directly incurred by the Carrier in providing the requested information and any related technical assistance.

11. To avoid prejudice to this criminal investigation, the Carrier and its agents and employees shall not disclose to or cause a disclosure of this Court's warrant and orders, or the request for information by the Investigating Agency or other law enforcement agencies involved in the investigation, or the existence of this investigation, except as necessary to accomplish the assistance hereby ordered. In particular, the Carrier and its agents and employees are ordered not to make any disclosure to the lessees of the telephone or telephone subscribers.

12. The application, this warrant, and the return to the warrant shall remain under seal until otherwise ordered by the Court.

_____
HONORABLE KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATE/TIME OF ISSUE: 10:45 a.m.    1/21/16

| Return | | |
|---|---|---|
| Case No.: SA16-018M | Date and time warrant executed: 1/21/16 1:10 pm | Copy of warrant and inventory left with: SPRINT L-site |
| Inventory made in the presence of: SA Sopka | | |

Inventory of the property taken and name of any person(s) seized:
[Please provide a description that would be sufficient to demonstrate that the items seized fall within the items authorized to be seized pursuant to the warrant (e.g., type of documents, as opposed to "miscellaneous documents") as well as the approximate volume of any documents seized (e.g., number of boxes). If reference is made to an attached description of property, specify the number of pages to the attachment and any case number appearing thereon.]

Latitude and longitude data for 714 661 8699 from January 21, 2016 to March 6, 2016

### Certification (by officer present during the execution of the warrant)

I declare under penalty of perjury that I am an officer who executed this warrant and that this inventory is correct and was returned along with the original warrant to the designated judge through a filing with the Clerk's Office.

Date: 3/7/16

Executing officer's signature

Edward Angus  Special Agent
Printed name and title